EXHIBIT C

8/15/2025 2:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104446228
By: Tianni Williams
Filed: 8/15/2025 2:54 PM

Cause No. _____

| | | |
|---|---|---|
| MANUEL CHU JR.<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| v. | § § § | OF HARRIS COUNTY, TEXAS |
| TAMI FAWCETT LLC AND THOMAS ROBERT RUPEL<br>Defendants. | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Manuel Chu Jr. files their Original Petition complaining of Defendants Tami Fawcett LLC and Thomas Robert Rupel and would respectfully show this Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN

**1.1** Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2. Plaintiff specifically pleads that they seek monetary relief of more than $250,000.00 but no more than $1,000,000.00. The parties have not exchanged discovery; therefore, the value of this lawsuit is unknown. Ultimately, in the American justice system, the jury decides upon receiving the evidence. Plaintiff reserves the right to amend this damage calculation as discovery progresses.

### II. PARTIES

**2.1** Plaintiff Manuel Chu Jr. resides in Harris County, Texas.

**2.2** Defendant Thomas Robert Rupel can be served with process at 530 N Saint Hilaire Rd, Yakima, Washington 98901 or wherever they may be found.

**2.3** Defendant Tami Fawcett LLC is a corporation doing business in Texas and can be served with process by serving its registered agent for service, Tami Fawcett

located at 530 N Saint Hilaire Road, Yakima, Washington, 98901 or through the Secretary of State.

**2.4** Plaintiff specifically invokes the right to institute this suit against Defendant Tami Fawcett LLC in any other name which has been used to designate it, or which it has used, including but not limited to "Tami Fawcett LLC" Plaintiff expressly invokes their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

### III. JURISDICTION AND VENUE

**3.1** Venue is proper and maintainable in Harris County, Texas under §15.002(a)(1) of the Texas Civil Practice & Remedies Code because the incident made the basis of this suit occurred in Harris County, Texas.

**3.2** This Court has jurisdiction in this cause since the Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

### IV. FACTS

**4.1** On or about November 9, 2023, Defendant Thomas Robert Rupel was traveling west bound on I-610 West in Harris County, Texas. After passing the Almeda Road exit, Defendant Robert Rupel crossed lanes unexpectedly into the I-610 West Lane. Defendant Thomas Robert Rupel drove a commercial vehicle owned by Defendant Tami Fawcett LLC while in the course and scope of his employment with Defendant Tami Fawcett LLC.

**4.2** A white Lexus was driving on SH 288 S Loop E. The white Lexus was merging onto I-610 West.

**4.3** Defendant Thomas Robert Rupel chose not to watch for traffic. Defendant Thomas Robert Rupel chose not to control his vehicle. Defendant Thomas Robert Rupel chose to fail to maintain a single lane of travel. Defendant Thomas Robert Rupel chose

not to keep a proper lookout. Defendant Thomas Robert Rupel chose to switch lanes at an accelerated speed when it was not safe. Defendant Thomas Robert Rupel chose to slam into the white Lexus and dragged it forward.

**4.4** The driver of the white Lexus sustained injuries. The driver of the white Lexus was Plaintiff Manuel Chu Jr.

**4.5** Defendants were the proximate cause of the collision. Plaintiff would show that nothing they did or failed to do on the occasion in question caused or in any way contributed to cause their injuries.

## V. <u>DEFENDANT THOMAS ROBERT RUPEL</u>

**5.1** The conduct of Defendant Thomas Robert Rupel constituted negligence and negligence per se as those terms are understood in law and such conduct was a proximate cause of the occurrence made the basis of this suit. Defendant Thomas Robert Rupel was negligent in one or more of the following non-exclusive particulars:

    a. Choosing not to fail to maintain a single lane of travel;

    b. Choosing not to pay attention;

    c. Choosing not to keep a proper lookout;

    d. Choosing to not take proper precaution in avoiding this incident;

    e. Choosing to not maintain a safe speed;

    f. Choosing to not make a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

    g. Choosing to not do that which a prudent driver would have done under the same or similar circumstances; and

    h. Choosing to endanger the lives of our community, family, friends, and theirs by driving recklessly.

**5.2** Plaintiff would show that such negligence proximately caused damages to Plaintiff more fully described below.

## VI. NEGLIGENCE OF DEFENDANT TAMI FAWCETT LLC

**6.1** At the time of the incident, Defendant Thomas Robert Rupel was acting in his capacity as an agent, servant, and/or employee of Defendant Tami Fawcett LLC and was acting within the course and scope of their authority as such. Therefore, the doctrine of *respondeat superior* should be applied to Defendant Tami Fawcett LLC and it should be held responsible for the acts of its agents and/or employees and/or servants. Defendants and their agents, representatives, servants and/or employees are jointly and severally liable for Plaintiff's injuries and damages.

**6.2** Defendant Tami Fawcett LLC is also liable for its own negligence, and its negligence was a proximate cause of the incident made the basis of this lawsuit and the damages resulting therefrom, in one or more of the following:

(a) Negligently hiring Defendant Thomas Robert Rupel;

(b) Negligently failing to train or supervise, or adequately train or supervise Defendant Thomas Robert Rupel;

(c) Negligently entrusting a vehicle to Defendant Thomas Robert Rupel; and

(d) Negligently permitting, directing, or encouraging Defendant Thomas Robert Rupel to operate a vehicle in an unsafe manner.

**6.3** Such conduct on the part of Defendants constituted negligence, which was a proximate cause of the collision.

## VII. DAMAGES

**7.1** As a result of the incident made the basis of this lawsuit, described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained injuries and damages.

**7.2** Due to the gravity of the injuries stated above, Plaintiff has had to seek reasonable and necessary medical care and attention, and this has caused them to incur reasonable and necessary medical expenses for the treatment of their injuries.

**7.3** In all likelihood, based upon a reasonable medical probability, Plaintiff will require reasonable and necessary medical treatment and incur reasonable and necessary medical expenses into the future.

**7.4** Further, Plaintiff would show that they suffered physical pain as a result of this incident. Such physical pain, in all reasonable medical probability, will continue into the future, if not permanently.

**7.5** Further, Plaintiff would show that they suffered mental anguish as a result of this incident. Such mental anguish, in all probability will continue into the future, if not permanently.

**7.6** Further, Plaintiff would show that they suffered physical impairment as a result of this incident. Such physical impairment in all reasonable medical probability will continue into the future, if not permanently.

**7.7** Further, Plaintiff would show that they suffered physical disfigurement as a result of this incident. Such physical disfigurement, in all reasonable medical probability, will continue into the future, if not permanently.

**7.8** Further, Plaintiff has suffered lost wages and a loss of earning capacity in the past.

**7.9** Further, Plaintiff will, in all reasonable probability, continue to sustain loss of wages and loss of earning capacity in the future.

**7.10** Further, Plaintiff has property damage and loss of use in the past.

**7.11** Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## VIII. PRESERVING EVIDENCE

**8.1** Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## XI. REQUIRED DISCLOSURE

**9.1** Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures with thirty (30) days after being served or joined.

## X. DESIGNATED E-SERVICE EMAIL ADDRESS

**10.1** The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a): service@htxtriallawyers.com. This

is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final trial and hearing hereof, that Plaintiff recovers damages from Defendants, in accordance with the evidence; that Plaintiff recovers costs of court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ADAME ★ GARZA, LLP**

_____
Johnny N. Garza, Jr.
State Bar No.24036624
2223 N. Main Street
Houston TX 77009
(713) 863-7100 Telephone
(713) 863-7133 Facsimile
johnny@htxtriallawyers.com

**ATTORNEY FOR PLAINTIFF**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alicia Vela on behalf of Juan Garza, Jr.
Bar No. 24036624
alicia@htxtriallawyers.com
Envelope ID: 104446228
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 8/15/2025 3:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adame Garza Eservice | | service@htxtriallawyers.com | 8/15/2025 2:54:10 PM | SENT |